**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHARON JOYCE, et al., INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> *Plaintiffs*, <br><br> v. <br><br> JAGUAR LAND ROVER NORTH AMERICA, LLC, et al., <br><br> *Defendants*. | No. 23-cv-04281 (MEF)(AME) <br><br> **OPINION and ORDER** |

\* \* \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the allegations and procedural history here.

\* \* \*

The case in a nutshell: buyers of a particular electric car came to believe their cars' batteries were malfunctioning, see First Amended Complaint at ¶¶ 51–52, so they sued the car manufacturer,[1] claiming the alleged battery defect caused them economic harm and endangered their safety. See id. at ¶¶ 61, 77.

---

[1] The manufacturer is Jaguar Land Rover North America, LLC. From here, the manufacturer is sometimes called "the Defendant." The buyers (from here "the Plaintiffs") also sued 60 "Does." These have not been identified or served, and they are not considered here.

The basis of the lawsuit: eight state-law claims, plus two federal-law claims.  See id. at ¶¶ 97-220.  The federal claims are under the Magnuson-Moss Warranty Act.  See id. at ¶¶ 202-20.

\* \* \*

The manufacturer has moved to dismiss.

It has not argued that the Court lacks subject-matter jurisdiction over the Warranty Act claims.  But "courts have an independent obligation to satisfy themselves of [subject-matter] jurisdiction if it is in doubt."  Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76-77 (3d Cir. 2003).  And for now, it is.

\* \* \*

When pleaded as a class action, as proposed here, see First Amended Complaint at ¶ 82, a Warranty Act claim confers jurisdiction on a federal court only if there are 100 or more named plaintiffs.  See 15 U.S.C. § 2310(d)(3)(c); see also Badalamenti v. Resideo Techs., Inc., --- F. Supp. 3d ----, 2024 WL 4661010, at \*2 (D.N.J. Nov. 4, 2024).

But that box is not checked.  In this case, there are only three named plaintiffs.  See First Amended Complaint at ¶¶ 1-3.

So the Plaintiffs --- who are required to establish subject-matter jurisdiction, see DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006) --- seek to get there by citing the Class Action Fairness Act ("CAFA").  See First Amended Complaint at ¶ 6.

But CAFA "does not provide a basis for federal jurisdiction over [Warranty Act] class actions that do not [otherwise] satisfy the [Warranty Act's] jurisdictional requirements."  Rowland v. Bissell Homecare, Inc., 73 F.4th 177, 183 (3d Cir. 2023).

And as noted just above, the Plaintiffs have not satisfied those requirements.

\* \* \*

Other paths to subject-matter jurisdiction may be in play.

For example, the Plaintiffs may potentially mean to contend that diversity jurisdiction over their state-law claims puts down an anchor --- and their Warranty Act claims can be moored to those state-law claims, using the supplemental jurisdiction statute.

2

See generally 28 U.S.C. § 1367; cf. First Amended Complaint at ¶ 6.

This approach may make sense as a general matter. The Third Circuit has held that a court may "exercise supplemental jurisdiction over [a] [Warranty] Act claim" if a plaintiff "has established diversity jurisdiction with his [state-law] claim." Suber v. Chrysler Corp., 104 F.3d 578, 588 n.12 (3d Cir. 1997), as amended (Feb. 18, 1997).

And on first glance the Plaintiffs seem to meet at least one requirement of diversity jurisdiction: "complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). The Plaintiffs are domiciled in California and Texas.[2] See First Amended Complaint ¶¶ 1-3. And they appear to be "complete[ly] divers[e]" from the Defendant, a limited liability company whose members are citizens of New Jersey. See id. at ¶ 4; see generally Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("[T]he citizenship of an LLC is determined by the citizenship of each of its members").[3]

But there is a wrinkle: the amount-in-controversy requirement. See 28 U.S.C. § 1332(a).

To see the issue, look to Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005). There, Exxon dealers sued Exxon, claiming they had been overcharged for fuel. See id. at 550. But some class members, it was said, did not themselves meet the amount-in-controversy minimum set out in the diversity statute. See id.

"The Court of Appeals for the Eleventh Circuit upheld the District Court's extension of supplemental jurisdiction to these class members." Id. The Eleventh Circuit explained: "§ 1367

---

[2] The diversity statute speaks of citizenship, not domicile. See 28 U.S.C. § 1332(a). But "[f]or purposes of determining diversity, state citizenship is equated with domicile." McCracken v. Murphy, 328 F. Supp. 2d 530, 532 (E.D. Pa. 2004), aff'd, 129 F. App'x 701 (3d Cir. 2005) (citing Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972)).

[3] The Court means here to suggest no definitive determination as to the citizenship of the Defendant or its members.

3

clearly and unambiguously provides district courts with the authority in diversity class actions to exercise supplemental jurisdiction over the claims of class members who do not meet the minimum amount in controversy as long as the district court has original jurisdiction over the claims of at least one of the class representatives." Allapattah Servs., Inc. v. Exxon Corp., 333 F.3d 1248, 1256 (11th Cir. 2003).

The Supreme Court affirmed, essentially on that basis. Allapattah Servs., Inc., 545 U.S. at 572; see also Wright & Miller, 14B Fed. Prac. & Proc. Juris. § 3709.1 (5th ed.) ("[W]hen the other elements of subject matter jurisdiction are present and at least one plaintiff's claims satisfy the amount requirement, the statute authorizes district courts to exercise supplemental jurisdiction over the claims of other plaintiffs . . . even if they do not have claims that exceed the jurisdictional minimum.").

This case is different.

Here, there is no allegation that any individual Plaintiff has been injured in an amount that exceeds the $75,000 amount-in-controversy floor.

Instead, the Plaintiffs have alleged only that the total amount of class members' claims exceeds $5 million. See First Amended Complaint ¶ 6. This clears the $5 million aggregate threshold established in CAFA. See 28 U.S.C. § 1332(d)(2). But it is not clear how it makes it over the $75,000 individual amount-in-controversy threshold set by Congress in the diversity statute.

\*   \*   \*

Bottom line: on the current allegations, subject-matter jurisdiction over the Warranty Act claims is "in doubt." Nesbit, 347 F.3d at 77. There are too few named plaintiffs for stand-alone Warranty Act jurisdiction. And it is not clear how the Warranty Act claims might piggy-back into this case. CAFA does not seem to work, because of Third Circuit precedent. And the supplemental jurisdiction statue does not appear to work, either --- because, for now at least, there is no $75,000-plus allegation by any one plaintiff.

How to proceed? One way is to dismiss the Warranty Act claims. But that does not make sense. The Court raised this issue on its own, and has not yet had the benefit of the parties' views.

4

Instead, the Court hereby stays the pending motion to dismiss, see Docket Entry 26, and will today enter an Order to establish a tight schedule allowing the parties to explain how they wish to proceed, including as to the possibility of seeking to replead. See generally 4SIGHT Supply Chain Grp., LLC v. Gulitus, --- F. Supp. 3d ----, 2024 WL 1596449 (D.N.J. Apr. 12, 2024) (discussing the Court's approach to aspects of the amount-in-controversy requirement).

IT IS on this 3rd day of December, 2024, so **ORDERED**.

Michael E. Farbiarz, U.S.D.J.