UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHARON JOYCE et al.,
individually and on behalf of
all others similarly situated,

No. 23-cv-04281 (MEF)(AME)

Plaintiffs,

**OPINION and ORDER**

v.

JAGUAR LAND ROVER NORTH AMERICA,
LLC, et al.,

Defendants.

\* \* \*

For the purposes of this Opinion and Order, the Court assumes familiarity with the history and posture of this case.

\* \* \*

The Defendant argues the Plaintiffs have failed to state implied-warranty claims under state and federal law. See Motion to Dismiss at 30-31.

"In a Rule 12(b)(6) motion, . . . the defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (cleaned up).

Here, it has not carried this burden.

\* \* \*

As to the state-law claims, the Defendant seeks to dismiss the Texas implied-warranty claim, but does not cite Texas law. And it looks to dismiss the California implied-warranty claim without any reference to California law.

That does not carry the Defendant's burden.

To be sure, the Defendant cites New Jersey law as to the implied-warranty claims. See Motion to Dismiss at 30-31 (citing Stevenson v. Mazda Motor of Am., Inc., 2015 WL 3487756, at *13 (D.N.J. June 2, 2015); Sheris v. Nissan N. Am. Inc., 2008 WL 2354908, at *5-6 (D.N.J. June 3, 2008)).

And the argument may be that New Jersey law is a close-enough proxy for California or Texas law in this area. But even a quick search suggests potentially decisive differences among the states' laws. Compare, e.g., Stevenson, 2015 WL 3487756, at *13 (D.N.J. June 2, 2015) ("the warrant[y] of merchantability is not breached where a car has been driven for years before a defect manifested") with Isip v. Mercedes-Benz USA, LLC, 155 Cal. App. 4th 19, 27 (2007) ("We reject the notion that merely because a vehicle provides transportation from point A to point B, it necessarily does not violate the implied warranty of merchantability.").

\*   \*   \*

The Defendant's motion is also denied with respect to the Plaintiffs' federal implied-warranty claim.

The Defendant first argues: the federal claim fails because it is "coextensive with" the state-law claims, which also fail. See Motion to Dismiss at 31 (cleaned up). But this argument does not work now that the Court has declined to dismiss the state-law claims.

The Defendant also argues that the Plaintiffs' claims fail because they have not alleged that they made use of the Defendant's dispute-resolution process. See Motion to Dismiss at 31-32. But this argument is not persuasive, for the reasons set out in an earlier opinion. See Joyce v. Jaguar Land Rover N. Am., LLC, 2025 WL 675888, at *20-21 (D.N.J. Mar. 3, 2025).

\*   \*   \*

The motion to dismiss is denied with respect to each of the implied-warranty claims, Counts III, VII, and X.

IT IS on this 7th day of March, 2025, so **ORDERED**.

/s/

Michael E. Farbiarz, U.S.D.J.

2